**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HALIFAX PAVING, INC.,**

        **Plaintiff,**

-vs-                                      **Case No. 6:06-cv-272-Orl-22JGG**

**UNITED STATES FIRE INSURANCE COMPANY,**

        **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO STRIKE DEFENDANT'S FIRST, SECOND, THIRD AND EIGHTH AFFIRMATIVE DEFENSES (Doc. No. 21)** |
| **FILED:** | **October 19, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendant United States Fire Insurance Company filed its answer and affirmative defenses to Plaintiff Halifax Paving Inc.'s complaint on March 6, 2006. On October 19, 2006, Plaintiff moved to dismiss four of the eight affirmative defenses pursuant to Fed. R. Civ. P. 12(f). The motion is denied.

A motion to strike brought pursuant to Rule 12(f) must be filed "before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after service of the pleading upon the party." Fed. R. Civ. P. 12(f). The Court on its own

initiative also may strike legally deficient pleadings at any time. *Id.* Some courts in other jurisdictions have interpreted Rule 12(f) as giving the party the right to challenge the legal sufficiency of a defense at any time. *See, U.S. v. Wang*, 404 F. Supp. 2d 1155, 1157 (N.D. Cal. 2005). The Court is aware of only one other judge within this district who has addressed this issue, and the court ruled that a party's compliance with the 20-day deadline was "necessary for the orderly and efficient running" of the Court and to ensure the "interests of justice." *Baldwin v. Nw. Mut. Life Ins. Co.*, 1994 WL 150831 *2 (M.D. Fla. 1994) (denying Rule 12(f) motion when the motion was filed eight months after the pleading was filed).

Plaintiff's motion was filed more than 6 months after Defendant's answer. While the Court may be willing to convert a party's motion to one on its own initiative, because of the timing of this motion and its substance, the Court declines to do so in this case. In general, the Court agrees that the timely filing of motions to strike are important to identify the issues in litigation at the earliest possible time and to enable the parties to conduct discovery efficiently. The Court also recognizes that the legal deficiency of a pleading may not become apparent until after some discovery has occurred, especially if the pleading alleges few facts in support.

This is not a case where discovery was necessary to bring the motion. Rather, Plaintiff's challenge to the affirmative defenses are facial challenges, arguing that the affirmative defenses are nothing more than legal conclusions. More important, it appears the motion was wholly unnecessary and Plaintiff has failed to confer as required by Local Rule 3.01(g).

On October 17, 2006, at 7:08 p.m., Plaintiff's counsel sent an e-mail to defense counsel, informing defense counsel that he intended to move to strike Defendant's first, second, third, and

eighth affirmative defenses and that he wanted to file the motion the next day. Docket 34-2. Defense counsel responded the next morning, stating that it would withdraw three of the affirmative defenses if Plaintiff agreed to certain facts that would make the defenses moot. *Id*. As to the last challenged affirmative defense, defense counsel stated he was willing to amend to provide additional factual information, though he believed the additional facts supporting the defense would be set forth in forthcoming interrogatory responses. *Id*.

Without talking to defense counsel as required by Local Rule 3.01(g),[1] Plaintiff's counsel filed the motion the next day as he previously planned. Docket 21. Plaintiff represents in the motion that "Defendant agrees to strike the Second, Third and Eighth Affirmative Defenses," yet still asks the Court for an order to strike those affirmative defenses. As stated above, Defendant's willingness to forego certain affirmative defenses was conditional. Defendants assumes from this representation, as does the Court, that Plaintiff has agreed to Defendant's conditions. The parties are free to stipulate to limit claims or defenses and can present these matters to the Court as part of their Joint Pretrial Statement. It is a waste of judicial resources, however, to present such motions to the Court.

As to the remaining First Affirmative Defense, it has been stated repeatedly that "[a] motion to strike is a drastic remedy[,]" which is disfavored by the courts and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Augustus v. Bd. of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir.1962); *Story v. Sunshine Foliage World, Inc.*, 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000); *Seibel*

---

[1] See Case Management and Scheduling Order, Docket 15 at 4 ("The term 'confer' in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax or letter."). The Court has previously reminded Plaintiff's counsel about Local Rule 3.01(g)'s requirements and the need to comply. See Docket 32 at 2.

*v. Society Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla.1997); *Poston v. Am. President Lines Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla.1978). Further, district courts have "broad discretion in disposing of motions to strike." *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976).

The First Affirmative Defense asserts that "U.S. Fire, as surety, is entitled to assert any and all defenses of its principal, Volusia." Plaintiff has not shown that the allegation has no possible relation to the controversy, therefore, it will not be stricken. The Court finds, however, that the First Affirmative Defense does not give Plaintiff fair notice of which affirmative defenses Volusia has that Defendant is asserting.

It may be that Defendant has effectively cured this deficiency through its discovery responses. As Plaintiff failed to confer prior to filing this motion, the Court directs counsel to confer immediately if there is any uncertainty about what are Defendant's affirmative defenses.

**DONE** and **ORDERED** in Orlando, Florida on December 14, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE